IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| OXLEY DEVELOPMENT COMPANY , LLC, | Chapter 11 |
| Debtor. | Case No. 12-69799-jrs |
| GERMAN AMERICAN CAPITAL CORPORATION, | |
| Plaintiff, | |
| vs. | Adversary No. _____ |
| OXLEY DEVELOPMENT COMPANY, LLC, CARL M. ("CHIP") DRURY, TIDEWATER PLANTATIONS, INC., DUCK POINT, LLC, and MARITIME FORESTS HOLDINGS, LLC | |
| Defendants. | |

**COMPLAINT**

Plaintiff German American Capital Corporation ("GACC"), a creditor of Debtor Oxley Development Company, LLC ("Oxley"), by and through its undersigned counsel, hereby files its Complaint against Defendants Oxley, Carl M. ("Chip") Drury III ("Drury"), Tidewater Plantations, Inc. ("Tidewater"), Duck Point, LLC ("Duck Point"), and Maritime Forests Holdings, LLC ("Maritime"; together with Oxley, Drury, Tidewater, and Duck Point, the "Defendants"), seeking: to quiet title in certain real property, to obtain declaratory relief; and for other relief.  In support of its Complaint, GACC states as follows:

14951259v.2

## FACTUAL AND PROCEDURAL BACKGROUND

### Parties and Jurisdiction

1. This is an adversary proceeding brought by GACC, a creditor of Oxley, asserting claims against Oxley and the other Defendants for: quiet title, declaratory relief and other relief.

2. This Complaint seeks, inter alia, a determination of the validity, extent, or priority of liens and other interests in real property, and is a core proceeding under 28 U.S.C. § 157(b).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, as well as Federal Rule of Bankruptcy Procedure ("Rule") 7001(2). All of GACC's claims relate to the validity, extent and/or priority of Oxley's alleged interest in certain real property, and the validity of Oxley's conveyance of interests in such property to the other Defendants.

4. Venue is proper in this matter pursuant to 28 U.S.C. § 1409, because this Complaint arises from and relates to a case under title 11 of the United States Code, 11 U.S.C. §§ 101, et seq.

5. GACC is a Maryland corporation with its principal place of business at 60 Wall Street, New York, NY 10005.

6. Drury is an individual resident of the State of Georgia, and can be served with a summons and a copy of this Complaint by mailing same to 376 Peachtree Battle Avenue, Atlanta, Georgia 30309 and to 2221 Peachtree Road NE, Suite D-165, Atlanta, Georgia 30309. Drury is subject to the jurisdiction of this Court.

7. Oxley is a Georgia limited liability company, and can be served with a summons and a copy of this Complaint (i) by mailing same to its registered agent, Chip Drury, at 2221 Peachtree Road NE, Suite D-165, Atlanta, Georgia 30309, or (ii) by mailing a copy of same to its bankruptcy counsel, Paul Reece Marr, Paul Reece Marr, P.C., 300 Galleria Parkway, N.W., Suite 960, Atlanta, Georgia 30339. Oxley is subject to the jurisdiction of this Court.

8. Tidewater is a Georgia limited liability company, and can be served with a summons and a copy of this Complaint by mailing same to its registered agent, Chip Drury, at 2221 Peachtree Road NE, Suite D-165, Atlanta, Georgia 30309. Tidewater is subject to the jurisdiction of this Court.

9. Duck Point is a Georgia limited liability company, and can be served with a summons and a copy of this Complaint by mailing same to its registered agent, Chip Drury, at 2221 Peachtree Road NE, Suite D-165, Atlanta, Georgia 30309. Duck Point is subject to the jurisdiction of this Court.

10. Maritime is a Georgia limited liability company, and can be served with a summons and a copy of this Complaint by mailing same (i) to its manager, Chip Drury at Maritime's principal place of business, at 2221 Peachtree Road NE, Suite D-165, Atlanta, Georgia 30309, or (ii) to its registered agent, Keitheius Dillard, at 3527 Glenview Circle, Atlanta, Georgia 30331. Maritime is subject to the jurisdiction of this Court.

14951259v.2

11. Tidewater owns one hundred percent (100%) of the membership interests in Oxley. (See Oxley's Statement of Financial Affairs at 7 [Dkt. 28].)[1] On information and belief, Drury is the president or the managing member of Oxley and Tidewater.

12. On information and belief, Drury holds ownership interests in excess of ten percent (10%) in, manages, and controls, Duck Point and Maritime.

The Loan, Default and Judgment

13. GACC made a loan to Oxley that is evidenced by, among other things, that certain Promissory Note, dated as of April 18, 2007, in the original principal amount of up to $37,000,000.00 (as amended and otherwise modified to date, the "Note"), and that certain Loan Agreement with GACC, dated as of April 18, 2007 (as amended and otherwise modified to date, the "Loan Agreement"). A true and correct copy of the Note and Loan Agreement are attached hereto as **Exhibit A** and **Exhibit B**, respectively, and are incorporated herein by reference.

14. As security for its obligations under the Note, Oxley made in favor of GACC a Deed to Secure Debt, Assignment of Rents and Leases, Assignment of Property Agreements and Security Agreement, dated as of April 18, 2007, which was filed and recorded in the real property records of Camden County, Georgia (the "Records"), beginning at Deed Book 1346, Page 440 (the "Security Deed"). Pursuant to the Security Deed, Oxley pledged certain real and personal property (collectively, the "Property") to GACC as security for its performance under the Note. A true and correct copy of the Security Deed is attached hereto as **Exhibit C** and is incorporated herein by reference.

---

[1] All citations to "Dkt." refer to the docket numbers for filings in the underlying chapter 11 bankruptcy case of Oxley (Bankr. N.D. Ga.; Case No. 12-69799).

4

14951259v.2

15. To further assure payment of the obligations of Oxley to GACC, Drury and Tidewater made in favor of GACC a Guaranty, dated as of April 18, 2007 (as amended and otherwise modified to date, the "Guaranty"), pursuant to which Drury and Tidewater (collectively, the "Guarantors") unconditionally guaranteed, inter alia, the full and prompt payment and performance of any and all obligations of Oxley to GACC. A true and correct copy of the Guaranty is attached hereto as **Exhibit D** and is incorporated herein by reference.

16. The original maturity date of the Note was extended to May 1, 2009, by agreement of GACC, Oxley, and Guarantors.

17. Oxley defaulted under the terms of the Note and the Security Deed by, inter alia, failing to complete the conditions agreed upon for an extension of the maturity date and failing to make the scheduled maturity payment due on May 1, 2009, within five business days thereof.

18. By letter to Oxley and copied to Guarantors, sent by GACC by overnight delivery, dated May 12, 2009, GACC (i) gave notice that Oxley was in default of the Loan Documents (as defined in the letter) in that Oxley had failed to effectively complete the conditions for an extension of the maturity date and failed to make the scheduled maturity payment due on May 1, 2009 within five business days thereof, (ii) demanded immediate payment of the Note, and (iii) reserved GACC's right to exercise any and all remedies available to it. A true and correct copy of the May 12, 2009 letter is attached hereto as **Exhibit E** and is incorporated herein by reference.

19. GACC, Oxley, and Guarantors thereafter negotiated and entered into that certain letter agreement, dated June 17, 2009, pursuant to which GACC agreed to apply certain funds from the Reserve Accounts (as defined in the letter agreement) to payment of accrued monthly

5

14951259v.2

interest and extend the maturity date of the Loan (as defined in the letter agreement) through July 31, 2009. In exchange, Oxley and Guarantors agreed that the Loan would mature and all principal, interest, and other amounts owed under the Loan Documents (as defined in the letter agreement) would be due and payable in full on August 1, 2009, unless Oxley effectively further extended the maturity date of the Loan by fulfilling the conditions to extension as set forth in the Loan Documents, including, without limitation, replenishment of the reserve accounts. A true and correct copy of the June 17, 2009 letter agreement is attached hereto as **Exhibit F** and is incorporated herein by reference.

20. Oxley subsequently defaulted under the terms of the Note and the Security Deed by, inter alia, failing to complete the conditions agreed upon for an extension of the maturity date and failing to make the scheduled maturity payment due on August 1, 2009, within five business days thereof.

21. By letter to Oxley and copied to Guarantors, sent by GACC by overnight delivery, dated January 21, 2010, GACC (i) gave notice that Oxley was in default of the Loan Documents (as defined in the letter) in that Oxley had failed to complete the conditions agreed upon for an extension of the maturity date and failed to make the scheduled maturity payment due on August 1, 2009 within five business days thereof, (ii) demanded immediate payment of the Note, and (iii) reserved GACC's right to exercise any and all remedies available to it. A true and correct copy of the January 21, 2010 letter is attached hereto as **Exhibit G** and is incorporated herein by reference.

22. In July, 2010, GACC filed suit on the Note, the Guaranty and the other loan documents against Drury, Oxley and Tidewater in the Supreme Court of the State of New York,

6

County of New York. On July 28, 2011, the Supreme Court of the State of New York, County of New York awarded GACC judgment in its favor against Oxley, Drury, and Tidewater, relating to the Note, Guaranty, and other Loan Documents (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit H** and is incorporated herein by reference.

23. The Judgment was domesticated by Order of the Superior Court of Fulton County, State of Georgia, dated September 7, 2011, in Case Number 2011cv204648. A true and correct copy of the Order to Domesticate Foreign Judgment is attached hereto as **Exhibit I** and is incorporated herein by reference.

24. Oxley and the Guarantors have appealed the Judgment, but have not sought or obtained any stay pending appeal. The appeal of the Judgment has been fully briefed, and remains pending.

## Foreclosure of the Property and Oxley's Two Bankruptcy Cases

25. During the month of October, 2011, GACC advertised the Property for a nonjudicial foreclosure sale to be held on November 1, 2011.

26. To delay GACC's foreclosure of the Property, on October 31, 2011, Oxley filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Georgia, Brunswick Division (Case No. 11-21338) (the "Prior Case").

27. On February 29, 2012, GACC filed a motion for relief from stay in the Prior Case. On May 18, 2012, the Court in the Prior Case held an evidentiary hearing on the motion for relief from stay. After a three hour evidentiary hearing, the Court in the Prior Case granted GACC's motion for relief from stay.

28. In July, 2012, the Prior Case was dismissed on motion of the Office of the United States Trustee, in light of the granting of GACC's stay relief motion.

29. GACC again advertised the Property for foreclosure during the month of July, 2012. The Property was scheduled for a foreclosure sale on August 7, 2012, in Camden County, Georgia.

30. The Notice of Sale Under Power was advertised properly in accordance with law and with the terms of said Security Deed in the Tribune & Georgian, a newspaper in which foreclosure sales for Camden County, Georgia are advertised, on July 11, 18, and 25, and August 1, 2012. A true and correct copy of the advertisement and its Affidavit of Publication are attached hereto as **Exhibit J** and are incorporated herein by reference.

31. In a second effort to delay the foreclosure of the Property, on August 6, 2012, the eve of the scheduled foreclosure sale of the Property, Oxley filed another petition for chapter 11 relief, this time in this Court. (See Petition [Dkt. 1].)

32. The very next day (the day of the scheduled foreclosure sale of the Property), GACC filed its emergency motion for relief from stay [Dkt. 4 and 6]. After holding an emergency hearing on August 7, 2012, beginning at 1:30 p.m., the Court granted GACC's motion. On August 8, 2012, this Court entered an order confirming the relief granted to GACC, *nunc pro tunc* to August 7, 2012 at 2 p.m. [Dkt. 13].

33. After obtaining stay relief, and pursuant to the terms of the power of sale contained in the Security Deed, GACC, as agent and attorney-in-fact for Oxley, offered the

8

Property for sale on August 7, 2012, on the courthouse steps of the Camden County Superior Court, within the legal hours of sale.

34. The Property was knocked off and sold to GACC, the highest and sole bidder for cash, for the sum of Three Million Nine Hundred Thousand and No/100ths Dollars ($3,900,000.00). Additionally, the personal property related to the Property was sold to GACC, the highest and sole bidder for cash, for the sum of One Thousand and No/100ths Dollars ($1,000.00). Thereupon, GACC, as agent and attorney-in-fact for Oxley, executed and delivered to GACC a Deed Under Power of Sale to the Property, which was filed and recorded in the Records beginning at Deed Book 1626, Page 258, and a Bill of Sale Under Power of Sale to the related personal property. True and correct copies of the Deed Under Power of Sale and the Bill of Sale Under Power of Sale are attached hereto as **Exhibit K** and **Exhibit L**, respectively, and are incorporated herein by reference.

35. GACC conducted a fair and commercially reasonable legal sale of the Property in accordance with applicable Georgia law and the terms of the Security Deed. All notices required by Georgia law were given in connection with the sale.

<u>Defendants' Efforts to Cloud Title to the Property</u>

36. Subsequent to the foreclosure sale of the Property, GACC discovered that Defendants had engaged in a concerted effort to cloud the title to the Property and to otherwise delay or hinder GACC's efforts to foreclose on and dispose of the Property.

37. On August 6, 2012, the day before the scheduled foreclosure sale and the same day Oxley filed its chapter 11 petition in this Court, Drury, purporting to act on behalf of Oxley,

14951259v.2

purported to grant certain easements to himself, to Tidewater and to entities owned or controlled by Drury or Tidewater, including, Duck Point and Maritime (collectively, the "Purported Easement").[2] A true and correct copy of the Purported Easement is attached hereto as **Exhibit M** and is incorporated herein by reference.

38. The Purported Easement is invalid because it was granted by Oxley to "insiders" for no consideration and while Oxley was hopelessly insolvent, and is thus an avoidable fraudulent transfer under 11 U.S.C. § 548 and O.C.G.A. § 18-2-70 *et seq*.

39. The Purported Easement is invalid because it was subordinate to the Security Deed and therefore extinguished by GACC's foreclosure sale of the Property.

40. On August 9, 2012, two days after the foreclosure sale of the Property, Drury, in his individual capacity, and purporting to act as the manager of both Oxley and Tidewater, recorded an "Affidavit as to Title to Land Filed Pursuant to O.C.G.A. § 44-2-20" (the "Title Affidavit") in the Records. A true and correct copy of the Title Affidavit is attached hereto as **Exhibit N** and is incorporated herein by reference.

41. The Title Affidavit does not contain a caption referring to the current owner and to a deed or other recorded instrument in the chain of title of the Property.

42. The Title Affidavit "seeks to inform any interested parties that German American Capital Corporation ("GACC") does not have clear title to [the Property]." (Title Affidavit at 1.)

---

[2] The Purported Easement does not name the parties that are purportedly benefitted, other than Drury and Tidewater, referring only to their "Affiliates" (as defined in the Loan Agreement). GACC has named Maritime as a Defendant because, on information and belief, it is controlled by Drury and owns property that adjoins the Property. GACC has named Duck Point as a Defendant because, on information and belief, it is controlled by Drury and prior to the foreclosure sale held a second priority deed to secure debt on the Property, and may own other property in the area of the Property. GACC reserves the right to amend this Complaint to add other Drury-controlled entities that may claim to benefit from the Purported Easement.

14951259v.2

43.     Drury's Title Affidavit is full of misleading and false statements regarding GACC, the Property and GACC's foreclosure sale of the Property, and incorrectly asserts that the August 7, 2012 foreclosure was invalid.

44.     Although the Title Affidavit is hardly a model of clarity, Drury appears in the Title Affidavit to assert that the foreclosure is invalid (i) because he does not believe that the sale actually took place, based on hearsay upon hearsay obtained through purported phone calls with the Camden County Sherriff, (ii) because GACC purportedly defaulted under the Loan Documents years before the foreclosure, (iii) because he claims that the Loan Documents are all governed by New York law, which purportedly requires a judicial process prior to a foreclosure, (iv) because GACC only obtained a verbal ruling from this Court providing relief from stay before conducting the foreclosure sale, whereas he claims a written order was required, and (v) because the Judgment remains on appeal.  Of course, none of these matters, to the extent that they are even factually accurate, has any bearing on the validity of the foreclosure sale or GACC's resulting title to the Property.

45.     As to the first allegation, as noted above, the sale did in fact take place.  A true and correct copy of the resulting Deed Under Power of Sale is attached to this Complaint as **Exhibit K**.

46.     As to the second allegation, GACC did not in fact default under the Loan Documents and, even if it had, no such default would have any bearing on the right of GACC to foreclose on the Property due to Oxley's default on the Note.

47.     As to the third allegation, the Security Deed, under which GACC foreclosed, governs the exercise of remedies as they relate to the Property, and it is governed by Georgia law

11

14951259v.2

(Section 7.11), which permits nonjudicial foreclosure. Further, Oxley expressly consented to nonjudicial foreclosure, and waived any notice and right to a hearing before such a foreclosure, in the Security Deed (Section 7.21). Compliance with New York foreclosure law is not and was not required with regard to GACC's foreclosure on the Property.

48. As to the fourth allegation, stay relief was granted by this Court on August 7, 2012 at approximately 2:15 p.m., and GACC conducted its foreclosure on the Property subsequent to that grant. Further, the verbal grant of stay relief was subsequently confirmed in a written order, which granted the relief *nunc pro tunc* to August 7, 2012 at 2 p.m.

49. As to the final allegation, GACC was permitted under the Loan Agreement (Section 7.2(a)) to pursue its various remedies however it chose, including "independently; . . . successively or together", and thus the pendency of appeal of the Judgment has no bearing on GACC's right to foreclose on the Property.

50. Although the statements contained in the Title Affidavit are false, because it is recorded in the Records, GACC's title to the Property is clouded, causing injury to GACC. Without limitation, GACC has been injured because the Title Affidavit does not permit it to obtain clean title, and substantially reduces its value for sale.

## COUNT I: DECLARATORY JUDGMENT

51. GACC realleges and incorporates Paragraphs 1 through 50, as if fully set forth herein.

52. The August 7, 2012 foreclosure sale of the Property was valid and was conducted in accordance with applicable Georgia law.

14951259v.2

53. However, Drury, Oxley and Tidewater assert, pursuant to the recorded Title Affidavit, that GACC did not conduct the foreclosure sale on August 7, 2012 in accordance to Georgia law. Therefore, by virtue of the recorded Title Affidavit, Drury, Oxley and Tidewater assert that the foreclosure sale was invalid and Oxley continues to hold its ownership interest in the Property.

54. Accordingly, a substantial, justiciable and actual controversy exists concerning whether GACC conducted the August 7, 2012 foreclosure sale pursuant to applicable law and whether the foreclosure sale was valid.

55. GACC did not default under the Loan Documents prior to the foreclosure sale of the Property. Moreover, even if GACC had defaulted under the Loan Documents, no such default would have any bearing on the right of GACC to foreclose on the Property due to Oxley's default on the Note.

56. However, Drury, Oxley and Tidewater assert, pursuant to the recorded Title Affidavit, that GACC defaulted under the Loan Documents years before the foreclosure, and therefore, the foreclosure sale was invalid and Oxley continues to hold its ownership interest in the Property.

57. Accordingly, a substantial, justiciable and actual controversy exists concerning whether GACC defaulted under the terms of the Loan Documents, and whether any alleged default by GACC precluded GACC's foreclosure of the Property.

13

14951259v.2

58. Pursuant to the Loan Documents, Oxley agreed that GACC's remedies, including its right to foreclose on the Property, were governed by Georgia law, which permits nonjudicial foreclosures, and Oxley consented to a nonjudicial foreclosure sale of the Property by GACC.

59. However, Drury, Oxley and Tidewater assert, pursuant to the recorded Title Affidavit, that because the Loan Documents are governed by New York law, GACC was required to conduct a judicial foreclosure of the Property. Therefore, Drury, Oxley and Tidewater contend, pursuant to the Title Affidavit, that the foreclosure sale of the Property was invalid.

60. Accordingly, a substantial, justiciable and actual controversy exists concerning whether GACC was required to comply with New York law on foreclosure prior to conducting its nonjudicial foreclosure sale of the Property.

61. GACC obtained relief from the automatic stay from this Court to conduct the foreclosure sale on August 7, 2012 at approximately 2:15 p.m., and GACC conducted the foreclosure sale on August 7, 2012, pursuant to and after that grant.

62. However, Drury, Oxley and Tidewater assert, pursuant to the recorded Title Affidavit, that because GACC obtained a verbal ruling from the Court on GACC's motion for relief from stay, and not a written order, GACC violated the automatic stay and the foreclosure sale of the Property was invalid.

63. Accordingly, a substantial, justiciable and actual controversy exists concerning whether GACC obtained legally adequate stay relief with regard to the August 7, 2012 foreclosure sale, and therefore, whether the foreclosure sale was valid under bankruptcy law.

14951259v.2

64.     Pursuant to the Loan Documents and applicable law, the pending appeal of the Judgment did not preclude GACC from exercising its right to foreclose on the Property.  Further, none of Drury, Oxley and/or Tidewater obtained a stay of the foreclosure pending appeal.

65.     However, Drury, Oxley and Tidewater assert, pursuant to the recorded Title Affidavit, that the pending appeal of the Judgment precluded GACC's right to foreclose on the Property, and therefore, the foreclose sale of the Property was invalid.

66.     Accordingly, a substantial, justiciable and actual controversy exists concerning whether the pending appeal of the Judgment barred the August 7, 2012 foreclosure sale, and therefore, whether the foreclosure sale was valid as a result.

67.     The Title Affidavit does not constitute a conveyance or legal proceeding by which Oxley, Drury and others may attack GACC's title to realty.  Further, due to Oxley and Drury's failure to comply with the requirements of O.C.G.A. § 44-2-20(c), the Title Affidavit is not a properly recorded instrument entitled to recognition.

68.     However, Drury, Oxley and Tidewater assert interests in the Property pursuant to the Title Affidavit.

69.     Accordingly, a substantial, justiciable and actual controversy exists concerning whether the Title Affidavit was properly recorded and should be given effect as a title affidavit under O.C.G.A. § 44-2-20.

70.     Pursuant to Georgia law, the foreclosure sale extinguished all of Oxley's rights and interests to the Property, including the rights of those claiming an interest through Oxley.

15

14951259v.2

Also, the Purported Easement constitutes a voidable fraudulent transfer to insiders for no consideration. Therefore, the Purported Easement is invalid.

71. However, pursuant to the Purported Easement recorded in the Records, the Defendants may contend that Drury, Tidewater and their affiliates, including Duck Point and Maritime, hold valid easements with respect to the Property, in contravention to GACC's claim of fee simple title. Therefore, by virtue of the recorded Purported Easement, Defendants assert that Defendants continue to hold interests in the Property.

72. Accordingly, a substantial, justiciable and actual controversy exists concerning whether the Purported Easement granted to Defendants on the eve of the August 7, 2012 foreclosure sale was extinguished by the foreclosure sale or is otherwise invalid.

73. Without the Court's declaratory relief, GACC will continue to be injured by the Defendants' actions. Specifically, without the Court's relief, GACC's title to the Property will remain clouded, rendering GACC unable to dispose the Property.

WHEREFORE, GACC respectfully requests that the Court enter a declaratory judgment in favor of GACC and against the Defendants declaring:

(a) that GACC conducted the foreclosure sale of the Property on August 7, 2012 in accordance with applicable federal and state law;

(b) that GACC did not default under the terms of the Loan Documents and/or that any alleged defaults by GACC did not preclude or invalidate GACC's foreclosure of the Property;

(c) that the foreclosure of the Property was governed by Georgia law, which permits nonjudicial foreclosure sales, or that New York law did not apply and require a judicial proceeding prior to foreclosure;

(d) that GACC obtained the requisite relief from the automatic stay with respect to its foreclosure on the Property;

(e) that the pending appeal of the Judgment did not preclude or invalidate the foreclosure sale of the Property;

(f) that the Title Affidavit was not properly recorded pursuant to O.C.G.A. § 44-2-20, and therefore, is invalid;

(g) that the August 7, 2012 foreclosure sale extinguished the Purported Easement;

(h) that the Purported Easement is invalid because it was granted by Oxley to "insiders" for no consideration and is an avoidable fraudulent transfer under 11 U.S.C. § 548 and O.C.G.A. § 18-2-70;

(i) that the Title Affidavit and the Purported Easement are invalid and should be cancelled in the Records; and

(j) that GACC is now the title owner of the Property, free and clear of any liens or interests of any of the Defendants arising under the Purported Easement or as a result of the Title Affidavit.

14951259v.2

## COUNT II: QUIET TITLE

74. GACC realleges and incorporates Paragraphs 1 through 73, as if fully set forth herein.

75. GACC seeks to quiet title to the Property. A true and correct copy of the plat of survey for the Property is attached hereto as **Exhibit O** and is incorporated herein by reference.

76. The instruments on which GACC's interest in the Property is based are attached to this Complaint. Specifically, the Note, the Security Deed, the Deed Under Power of Sale and the Bill of Sale Under Power of Sale are attached as **Exhibits A, C, K and L**.

77. Pursuant to the Title Affidavit, Defendants Oxley, Drury and Tidewater assert their interest in the Property. A true and correct copy of the Title Affidavit is attached as **Exhibit N**.

78. The Title Affidavit is a recorded iniquitous writing that casts a cloud over GACC's title to the Property.

79. The Title Affidavit is a recorded iniquitous writing that subjects GACC to injury and annoyance by preventing GACC from exercising all its rights in and to the Property, including soliciting fair offers for the sale of the Property and selling the Property free and clear of liens.

80. Pursuant to the Purported Easement, Defendants assert interests in the Property. True and correct copies of the Purported Easement is attached as **Exhibit M**.

14951259v.2

81. The Purported Easement is a recorded iniquitous writing that casts a cloud over GACC's title to the Property.

82. The Purported Easement is recorded iniquitous writings that subject GACC to injury and annoyance by preventing GACC from exercising all its rights in and to the Property, including soliciting fair offers for the sale of the Property and selling the Property free and clear of liens.

83. GACC cannot immediately or effectually maintain or protect its rights with respect to the Property by any other course of proceeding open to it.

84. GACC is entitled under O.C.G.A. § 23-3-40 et seq. to have the Title Affidavit and the Purported Easement cancelled and removed as clouds of title to the Property.

WHEREFORE, GACC respectfully requests that the Court enter a judgment in favor of GACC and against each of the Defendants on Count II that:

(a) orders the cancellation of the Title Affidavit of record;

(b) orders the cancellation of the Purported Easement of record;

(c) declares that the Title Affidavit and the Easements are invalid and not a cloud on GACC's title to the Property;

(d) reserves the Court's jurisdiction to enforce its orders and judgments in this case; and

(e) grants such other relief as the Court deems appropriate.

14951259v.2

Respectfully submitted, this 25th day of October, 2012.

    SEYFARTH SHAW LLP

    /s/ Paul Baisier_____
    Paul Baisier
    Georgia Bar No. 032825
    pbaisier@seyfarth.com
    Shuman Sohrn
    Georgia Bar No. 143104
    ssohrn@seyfarth.com
    1075 Peachtree Street, N.E., Suite 2500
    Atlanta, Georgia 30309
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

    Attorneys for GACC

14951259v.2